IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAGGIE DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:23-cv-649-ECM |
| ) | [WO] |
| SANOFI-AVENTIS U.S. LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court is Plaintiff Maggie Dunn's motion for leave to amend her complaint. (Doc. 32). Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. filed a response in opposition to the motion. (Doc. 34). Having reviewed the parties' submissions, the Court concludes that Dunn's motion is due to be DENIED.

**I. LEGAL STANDARD**

"A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it." FED. R. CIV. PRO. 15(a)(1). "In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PRO. 15(a)(2). "[L]eave to amend shall be freely given when justice so requires," *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation omitted), but "it is 'not an automatic right.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (citation omitted). The Court may deny leave "where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (alteration in original) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

## II. DISCUSSION

The case before the Court was remanded from the multidistrict litigation *In re: Taxotre (Docetaxel) Products Liability Litigation*, No. 2:16-md-2740 (J.P.M.L.) ("the MDL Court"). The Plaintiff filed the instant case on November 25, 2017, and it was remanded to this Court from the MDL Court on November 3, 2023. The operative pleadings consist of the Second Amended Master Complaint (doc. 9-4 at 342) and the Plaintiff's Short Form Complaint (doc. 1), which contains her individual allegations. The Plaintiff seeks to file an amended long-form complaint. The MDL Court stated upon remand to this Court that "[a]ll deadlines for Plaintiffs to amend their individual complaints without leave of court have passed." (Doc. 10 at 76).[1] The Defendants also oppose the motion. (Doc. 34).

Dunn seeks to amend her complaint "to provide case-specific details, including allegations and details related to, among other things, her specific injury and timing, Defendants' fraudulent concealment of facts . . . , and punitive damages." (Doc. 32 at 1). The Plaintiff represents in her motion that "there were no amendments allowed [in the

---

[1] This Court has not entered a scheduling order in this case. Neither party has argued that the MDL Court's scheduling order should be modified pursuant to Rule 16(b). Thus, the Court only considers the amendment pursuant to Rule 15(a).

2

MDL] beyond amending the short form complaint which contained text boxes and checkboxes for minimal/form case-specific allegations." (Doc. 32 at 1). Further, the Plaintiff contends that the Short Form Complaint "did not provide Plaintiff with a text box inviting allegations of any case-specific facts regarding her knowledge of a link between Taxotere and the [sic.] Ms. Dunn's permanent hair loss injury." (Doc. 32 at 3). Therefore, she was "unable to allege case specific facts beyond those set forth in the master and short form complaint." (Doc. 32 at 1).

The Defendants take issue with the Plaintiff's amendment for three reasons. First, they contend that the Plaintiff is seeking to redefine her injury with an amendment identical to one already rejected by the MDL Court, and this Court should uphold the MDL Court's orders under the law of the case doctrine. Second, the Defendants argue that the Plaintiff had opportunities to amend her Short Form Complaint in the MDL proceedings to add allegations regarding her fraud claims and the statute of limitations, but she failed to do so. Finally, they contend that it would be futile to permit the amendment, as the Plaintiff's claims would still be barred by the statute of limitations and fail Rule 9(b)'s heightened pleading standard.

### A. The MDL Proceedings

After the Defendants in the previous MDL proceedings moved to dismiss the fraud claims in the Master Complaint for failure to plead with particularity, the MDL Court acknowledged in an August 30, 2017 hearing before Judge Engelhardt that "a master complaint could not possibly be expected to include every case-specific detail such as a particular misleading statement made by a particular sales representative to the physician

3

of an individual plaintiff." Hearing Transcript, Doc. 823, at 22, *In re: Taxotre*, 2:16-md-02740.  Thus, the Court considers both the Master Complaint and the Plaintiff's Short Form Complaint in deciding the sufficiency of the pleadings. (*Id.*).  The MDL Court then ruled that "specific allegations, particularly with respect to fraud, should be perfected within the short form complaints filed in the individual member cases." (*Id.* at 23).[2]  The Plaintiff alleges that despite this ruling, she was unable to perfect her fraud claims in her Short Form Complaint.

On December 11, 2019, the MDL Court denied the Plaintiffs' Steering Committee's motion for leave to file a Third Amended Master Complaint, where the plaintiffs sought to "no longer define their injury as manifesting six months after chemotherapy" and to "describe in greater detail 'the actions and inactions of Defendants that [are] alleged to have caused harm to the plaintiffs in this litigation in regard to the allegations of fraudulent concealment, including but not limited to Sanofi's marketing efforts." (Doc. 9-4 at 1425–26).  After oral arguments and considering Rule 15(a)(2), the MDL Court found that the amendment "would negate a significant amount of work that has been done in this MDL," additional discovery would be needed, and the amendment would moot earlier rulings by the MDL Court. (Doc. 9-4 at 1428).  Consequently, the MDL Court denied the motion because the Defendants would suffer undue prejudice if the amendment were allowed. (Doc. 9-4 at 1428).  The Court also denied amendments to certain short-form complaints

---

2 In Case Management Order No. 39, which summarized the MDL proceedings for this Court, the MDL Court confirmed that "[the MDL Court] has ruled that any fraud-based claims must be perfected within the short form complaints filed in the individual member cases." (Doc. 10 at 75).

4

which sought to "buttress their claims against statute-of-limitations defenses," because the "amendments would prompt Defendants to conduct additional discovery and prepare a different statute-of-limitations defense." (Doc. 9-4 at 1434).  The Plaintiffs do not reference these orders in their motion, but the Defendants argue that the Plaintiff's proposed amendments are the same as those denied by the MDL Court in these orders.

On May 11, 2020, the MDL Court gave instructions for plaintiffs wishing to amend their short form complaints to address the statute of limitations, in light of an influx of motions to amend short form complaints after the Court denied the Third Amended Master Complaint. (Doc. 9-2 at 167 (hereinafter "PTO (Pretrial Order) 105")).  The MDL Court ordered that "Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." (*Id.*).  The deadline for plaintiffs to amend their short form complaints was forty-five days from the date of the order for bellwether pool plaintiffs and one hundred and eighty days of the order for non-bellwether pool plaintiffs. (*Id.* at 168).  The parties subsequently stipulated that plaintiffs would not seek leave to amend their short form complaints to add or include allegations inconsistent with PTO 105's limitations. (Doc. 9-2 at 169).  Despite this order, the Plaintiff never sought leave to amend her Short Form Complaint and now contends that PTO 105 "unnecessarily and improperly limited the ability of Plaintiff to allege case specific facts without conducting the necessary analysis of whether to grant leave under Rule 15." (Doc. 32 at 3).

5

**B. Rule 15**

The Court now turns to the question of whether leave to amend should be granted under Rule 15.  The Plaintiff seeks to file her own version of the Second Amended Master Complaint when litigation has been ongoing for over six years, the MDL Court has ruled on motions to dismiss, the parties have already conducted significant discovery, and multiple bellwether trials have been held.  The Plaintiff points out that no *case-specific* rulings were made by the MDL Court.  Indeed, there could not have been any case-specific rulings, because the Plaintiff never filed a motion to amend her Short Form Complaint.  And although the MDL Court did not enter rulings as to this Plaintiff's specific case, it made clear early on that the Short Form Complaint should allege the type of details the Plaintiff now seeks to add.  The MDL Court also entered orders providing for time to seek amendments.  "If there was any thought by Plaintiff that she needed to amend her complaint, that window closed a long time ago." *Pringle v. Johnson & Johnson*, 2019 WL 9654850, at *6 (S.D. Fla. Nov. 6, 2019). [3]  Nevertheless, the Plaintiff explains her failure to amend by arguing that the Short Form Complaint did not allow for the types of allegations she seeks to add, and that the MDL Court's orders were too limiting.  The Court finds these arguments unavailing.

The MDL Court record shows that other plaintiffs were able to amend their Short Form Complaints to incorporate detailed case-specific allegations within the space allowed. *See e.g.*, Plaintiffs' Motion for Leave to File Amended Short Form Complaints of

---

[3] The Court here, and elsewhere in the opinion, cites to non-binding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

Bellwether Pool Plaintiffs, Doc. 10817, *In re: Taxotre*, No. 2:16-md-2740; Order Granting Motion in Part and Denying in Part, Doc. 11825, *In re: Taxotre*, No. 2:16-md-2740. Question 12 of the Short Form Complaint prompts the Plaintiffs to detail the "[n]ature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury)." (Doc. 1 at 4).  Further, Question 13 allows for Plaintiffs to assert additional theories against the Defendants and directs them to set forth such claims.

The Plaintiff also argues that the MDL Court's orders regarding amendments to Short Form Complaints were too limiting.  The Defendants, in turn, ask that this Court not disturb the MDL Court's rulings under the law of the case doctrine.  "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) (citation omitted).  While some circuits have applied the law of the case doctrine to cases on remand from an MDL, *see In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009), the Eleventh Circuit has "questioned whether the law of the case doctrine was apt in . . . cases . . . that involve only changed rulings at the district court level," as the doctrine is generally applied to prior appellate rulings. *Hill v. Ford Motor Co.*, 975 F. Supp. 2d 1351, 1358–59 (N.D. Ga. 2013).

Still, the Eleventh Circuit has "recognized that when cases are transferred from one judge to another judge in the same court, the transfer should not be treated as an opportunity to relitigate all the questions decided by the first judge," but "the subsequent judge should never be bound by an erroneous ruling of law." *United States v. Williams*, 728 F.2d 1402 (11th Cir. 1984).  Consequently, "[u]nder either test, [Plaintiff] will be required to

7

demonstrate clear error in [the MDL Court's] decision." *Hill v. Ford Motor Co.*, 975 F. Supp. 2d 1351, 1359 (N.D. Ga. 2013); *see United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984) ("A decision of a legal issue or issues by an appellate court . . . must be followed . . . unless . . . [2] controlling authority has since made a contrary decision of the law applicable to such issues, or [3] the decision was clearly erroneous and would work a manifest injustice.").

The Plaintiff contends that the MDL Court erred in entering PTO 105 because it did not conduct the proper analysis under Rule 15. PTO 105 was entered in consideration of an influx of motions to amend short form complaints in light of the MDL Court's order denying the Third Amended Master Complaint. (Doc. 9-2 at 167). The MDL Court, in its order denying the Third Amended Master Complaint, conducted a thorough Rule 15(a)(2) analysis and found that allowing the amendment would prejudice the Defendants. PTO 105 was entered to streamline amendments to Short Form Complaints in light of the previously denied amendments. The Plaintiff's arguments are insufficient to explain how the Court's Rule 15(a)(2) analysis is insufficient in these orders. Moreover, the parties' stipulation pursuant to PTO 105 provided a process for the Plaintiff to "show cause why their proposed allegations should not be stricken" if the Defendants challenged whether the proposed language was appropriate for amendment. (Doc. 9-2 at 170). The Plaintiff failed to take advantage of this opportunity.

Not only did the Plaintiff fail to file a motion to amend in the time allowed by the MDL Court, but, as the Defendants correctly note, the amendments the Plaintiff now seeks leave to file are similar to those previously denied. For example, the Plaintiff's Amended

8

Complaint states that "[t]here is no single definition for Permanent Chemotherapy Induced Alopecia ["PCIA"] and the amount of time to establish permanent hair loss varies from patient to patient." (Doc. 32-1 at 26). The MDL Court denied the plaintiffs' motion for leave to file a Third Amended Master Complaint where the plaintiffs' "proposed amendment alleged that there is 'no single definition' for PCIA, and therefore the amount of time to establish permanent hair loss varies from patient to patient." (Doc. 10 at 75; *see* Doc. 9-4 at 1426). The Plaintiff's proposed allegations are identical to those previously rejected by the MDL Court. As explained before, the Plaintiff has failed to explain the clear error in the MDL Court's Rule 15 analysis. The Court agrees with the Defendants that the MCL Court's orders should not be disturbed.

Because the Plaintiff has failed to amend her complaint in the six years that this case has been pending with no justification beyond the difficulty of working within a text box and pursuant to the MDL Court's orders, the Court finds that the Plaintiff engaged in undue delay in filing her motion. *See Carlson v. FedEx Ground Package Sys., Inc.*, 2012 WL 12898877, at *2 (M.D. Fla. May 3, 2012). ("To permit Plaintiffs to bring such claims now—seven years after this case was filed, with essentially the same supporting evidence, and with no indication that the proposed amendments are based on newly acquired evidence—would be to countenance undue delay.").[4] As the Defendants point out, "general case discovery, general expert discovery, dispositive motion rulings, pre-trial rulings, and trial verdicts emanating from the MDL have all been framed by the allegations

---

[4] Because the Court finds leave to amend inappropriate for the reasons stated, the Court pretermits discussion of whether the amendments would be futile.

9

made in the Second Amended Master Complaint." (Doc. 34 at 10). "The primary purpose of multidistrict litigation is to 'promote efficiency through the coordination of discovery,'" and the "Plaintiff's Motion to Amend frustrates this core purpose." *Pringle v. Johnson & Johnson*, 2019 WL 9654850, at *6 (S.D. Fla. Nov. 6, 2019) (citation omitted). Consequently, the Court in its discretion finds leave to amend inappropriate under Rule 15(a).

### III. CONCLUSION

Accordingly, having found that the Plaintiff has not met her burden under Rule 15(a), it is

ORDERED that the Plaintiff's motion (doc. 32) is DENIED.

DONE this 26th day of January, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE